## Kenny Edman et al. v. The Charleston State Bank.

1. PLEADING—*When Pleas that Money Used for Unlawful Purposes Are Defective.*—In an action for money loaned, pleas which omit the averment that the money borrowed was in fact used for an unlawful purpose mentioned in the pleas, are defective; it being the rule to construe a pleading most strongly against the pleader, it will not be presumed the money was so used, in the absence of a statement to that effect.

Assumpsit.—Common counts. Error to the County Court of Coles County; the Hon. JOHN P. HARRAH, Judge, presiding. Heard in this court at the November term, 1901. Reversed and remanded. Opinion filed February 19, 1902.

A. L. CHEZEM and NEAL & WILEY, attorneys for plaintiffs in error.

J. H. MARSHALL and A. C. ANDERSON, attorneys for defendant in error.

MR. JUSTICE WRIGHT delivered the opinion of the court.

This suit was brought by appellee upon two promissory notes, one for $500 and the other for $275, given by plaintiff in error to the defendant in error. Six pleas were interposed, setting up, in substance, that the consideration of the notes was for money borrowed, and for which the notes were given, was intended to be advanced to the Odell Commission Company, of Cincinnati, Ohio, at the time and place of making contracts, to obtain margins on futures or opinions, which in their nature were mere gambling transactions, and plaintiff knew this was the purpose for which the money was to be used. The fourth plea contains the further averment that the money so borrowed was in fact

advanced to the Odell Commission Company. The court sustained a demurrer to all the pleas, and defendant electing to abide by them, judgment was rendered against it for $668.62, to reverse which this writ of error is prosecuted.

We are of the opinion all the pleas except the fourth were defective in that they each omitted the averment that the money borrowed was in fact used for the unlawful purpose mentioned in the pleas. While the pleas contain the specific averment that the money was lent for the purpose of entering into a gambling transaction, yet from anything that appears there was no binding obligation upon the defendant in error to so appropriate it, and indeed could not be; and it being the rule to construe a pleading most strongly against the pleader, it will not be presumed the money was so used in the absence of a statement to such effect. The fourth plea, however, contains the averment that the money so obtained was advanced to the Odell Commission Company in addition to the other averments as to the knowledge and purposes for which the money was lent by the bank. If the facts stated in the fourth plea are true, and the demurrer admits them, then the defendant in error made itself a participant in an illegal transaction, and for this, in consonance with the well settled law, it can not recover in the courts of justice.

The judgment of the County Court will be reversed and the cause remanded, with directions to overrule the demurrer to the fourth plea, and for such other appropriate proceedings concerning which the parties may be advised.